UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-01511-AWI-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Zane Hubbard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 9, 2013. (ECF No. 1.) His complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### III.  SUMMARY OF COMPLAINT

The Complaint identifies the following Defendants: (1) Corcoran State Prison; (2) Hirachetta, Correctional Officer (CO); (3) Chavez, CO; (4) CSPC Mailroom; (5) Kern County Jail; (6) Wasco State Prison; (7) L. Vasquez, Mailroom Inspector; (8) Warden; and (9) R. Godwin, Captain.

The Complaint is a fragmented series of factual allegations punctuated with numerous legal conclusion.  At one point Plaintiff asserts that various correctional officials have violated each of the first fourteen amendments to the Constitution to the extent they apply to Plaintiff's federal rights in prison. (Compl. at 9.)  Plaintiff complains about prison officials' conduct in the mailroom, his being validated as a gang member, his conditions of confinement, a tracking device implanted in his body, the inmate appeal process, a brainwashing program, and his being tortured for his Luciferian beliefs.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Failure to State a Claim

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The Court cannot begin to evaluate the viability of Plaintiff's claims because his allegations are not presented in any sort of logical, understandable narrative. The Complaint rambles through a list of grievances that are not fully explained or clearly distinguished one from the other. Instead of addressing each individual claim, identifying the parties involved, and describing the particular events givng rise to that claim and the date of each, Plaintiff simply makes broad contentions that various prison officials have violated numerous constitutional rights. Without a chronological, factual, and legal context for each individual and successive claim, the court cannot identify any potentially cognizable claim. Iqbal, 129 S.Ct. at 1949.

3

As pled, Plaintiff has failed to state a claim. The Court will grant Plaintiff an opportunity to amend. Should he choose to amend, Plaintiff must describe each purported claim plainly and succinctly in chronological order, i.e. what happened, when, which Defendant was involved, and how the conduct contributed to a violation of Plaintiff's rights. The Court will not sift through disconnected allegations to construct a claim.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Claims against multiple Defendants must arise out of common events and contain common questions of law or fact.

The following sections of this order provide a more detailed description of the basic legal standards for asserting a § 1983 claim. (Further guidance as to the elements of, and criteria for asserting, particular types of claims can not be provided at this time because the court can not yet even envison what type of claim(s) Plaintiff may wish to pursue.)

**C.    Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his

4

own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. Proper Joinder of Multiple Claims and Defendants

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (e.g. retaliation) against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. See id.

Rule 18(a) allows multiple claims against a single party. However, naming multiple defendants is limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact.

### V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff

must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed September 9, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 3, 2014              /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE