UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>         Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>         Defendants. | CASE NO. 1:13-cv-01511-AWI-MJS<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 9)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Zane Hubbard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 9, 2013. (ECF No. 1.)  On February 4, 2014, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 8.)  Plaintiff's First Amended Complaint (ECF No. 9) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following Defendants: (1) Hirachetta; (2) Chavez; (3) R. Godwin; (4) C. Gipson, Warden; and (5) Banks-Graves, CCI.

Plaintiff alleges the following:

Defendants Hirachetta and Chavez have opened Plaintiff's mail marked "Confidential Legal Mail" and shared the contents with other inmates on multiple occasions. Defendant Banks-Graves retained legal letters in Plaintiff's central file and refused to provide copies to Plaintiff. Plaintiff never received a notice for his resentencing hearing. Plaintiff is indigent and therefore entitled to free postage, yet some of his mail is returned for lack of postage. Defendant Gipson is the custodial person of interest and R. Godwin is the Mailroom Captain. (Compl. at 3.)

Plaintiff assets First and Eighth Amendment violations. The Court will address Plaintiff's claims below.

## IV.   ANALYSIS

### A.   Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

2

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.    Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must

plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint names Gipson and Godwin as Defendants but fails to explain how either official violated Plaintiff's rights.  Defendant Gipson is identified as a "custodial person of interest", but there is no description of any wrongful conduct by him. Defendant Godwin is identified as "the Mailroom Captain responsible [for] witholding legal mail and personal mail, obstructing [Plaintiff's] First Amendment rights." (Compl. at 3.)  The Complaint offers no further detail or any description of what Gipson did to obstruct Plainitff's rights.  Plaintiff cannot state a cognizable claim against a defendant without setting forth specific facts as to the conduct that proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link Defendants Gipson and Godwin to the violations alleged. The Court will provide an opportunity to amend.  To state a cognizable claim, Plaintiff must demonstrate that the Defendants personally took some action that violated Plaintiff's constitutional rights.

**C.   First Amendment**

    **1.   Tampered Mail**

While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right

4

1  will be upheld if it is reasonably related to legitimate penological interests, <u>Prison Legal
2  News v. Lehman</u>, 397 F.3d 692, 699 (9th Cir. 2005) (<u>citing</u> <u>Turner v. Safley</u>, 482 U.S. 78,
3  89 (1987)).

4  The amended complaint alleges Defendants Hirachetta and Chavez opened
5  Plaintiff's "Confidential Legal Mail" and shared the contents with other inmates on
6  multiple occasions.  Defendant Banks-Graves allegedly retained legal letters in Plaintiff's
7  central file and refused to provide copies to Plaintiff.

8  The mere fact that prison officials open and conduct a visual inspection of a
9  prisoner's legal correspondence does not state a claim for violation of a prisoner's
10  constitutional rights.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576-77 (1974).  Prison
11  officials may, consistent with the First Amendment, open mail from attorneys in the
12  presence of the prisoner for visual inspection.  <u>See</u> <u>Id.</u>; <u>Sherman v. MacDougall</u>, 656
13  F.2d 527, 528 (9th Cir. 1981).  In <u>Wolff</u>, the Supreme Court noted that inspecting mail
14  from attorneys in the presence of the inmate did all, and perhaps even more, than the
15  Constitution requires.  <u>Id.</u> at 577.  The issue of whether or not prison officials may also,
16  consistent with the First Amendment, open and visually inspect mail from attorneys
17  outside the presence of the prisoner has not been decided by the Supreme Court or by
18  the Ninth Circuit.

19  Defendants Hirachetta and Chavez allegedly shared the contents of Plaintiff's
20  mail with other inmates.  Defendant Banks-Graves allegedly kept legal letters from
21  Plaintiff.  The Defendants allegedly acted with "cruel intentions" and their conduct was
22  not rationally related to a legitimate government interest.  These allegations suggest the
23  possibility of a First Amendment claim.  <u>See</u> <u>Prison Legal News</u>, 397 F.3d at 699.
24  However, there is insufficient information about when, where, how, and why the events
25  occurred and why Plainitff believes Defendants are responsible for them.

26  Raising the mere possibility that the Defendants violated Plainitff's rights is not
27  enough to state a claim.  <u>Iqbal</u>, 129 S.Ct. 1949-50.  The Court will grant Plaintiff leave to
28

5

amend. To state a claim Plaintiff must allege facts demonstrating that Defendants tampered with his mail without a reasonable relation to a legitimate penological interest. The amended complaint should explain how exactly Plaintiff's mail was tampered with, when, where, who was responsible, what if any reasons were given, and how Plaitniff is aware of these facts. Plaintiff must also demonstrate that the tampering was not an isolated occurrence. Limited incidents of mail interference or tampering will not support a claim under section 1983 for violation of Plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990).

### 2. Indigent Stamps

Plaintiff alleges he is indigent and therefore entitled to free postage; nevertheless, some of his mail is returned for lack of postage.

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101–02 (9th Cir. 2011). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence and must be provided with postage stamps at state expense to mail legal documents. Bounds v. Smith, 430 U.S. 817, 824–25 (1977). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Id. at 362.

Plaintiff has not alleged any facts which support a claim that he has suffered an actual injury. To state a viable claim for relief, Plaintiff must show that he suffered "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir.2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted).

### D. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847.

Plaintiff asserts that the Defendants violated his Eighth Amendment rights but alleges no facts implicating the Eighth Amendment.  Should Plaintiff choose to amend his pleading and include an Eighth Amendment claim, he must fully explain its basis with respect to the factual allegations summarized above.

### V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed February 28, 2014;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: May 27, 2014          /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE