UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-01511-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 12)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 4 & 12.)

Plaintiff's complaint (ECF No. 1) was dismissed for failure to state a claim, but he was given leave to amend (ECF No. 8.) Plaintiff's first amended complaint (ECF No. 9) also was dismissed with leave to amend. (ECF No. 10.) Plaintiff's second amended complaint is before the Court for screening. (ECF No. 12.)

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at California State Prison – Corcoran ("CSP-COR"), where the acts giving rise to his complaint occurred. He names the following individuals as Defendants: (1) Correctional Officer Hirachetta, (2) Correctional Officer Chavez, (3) Correctional Officer Flores, (4) Correctional Counselor II Banks-Graves, (5) Correctional Counselor II A. Pacillas, and (6) Warden C. Gipson.

Plaintiff's allegations are fragmented and difficult to follow. They may be summarized essentially as follows:

On July 22, 2013, Defendants Flores and Hirachetta walked by Plaintiff's cell and threatened to "take [his] shit."

On July 26, 2013, Defendant Chavez looked in Plaintiff's cell and stated, "It's everybody's business."

On May 10, 2013, Defendants Banks-Graves and Pacillas allowed Plaintiff an Olsen review[1] of his central file. Plaintiff discovered an order from the Fifth District Court of Appeals remanding him to Kern County Superior Court for resentencing. Plaintiff asked Defendant Banks-Graves why he had not received the letter and why it was in his file. Plaintiff asked for a copy of the letter. Defendant Banks-Graves stated she would provide Plaintiff a copy but did not do so. Defendant Gipson continued to hold Plaintiff despite the letter.

Plaintiff also saw in his file a sex offender registration form with a forged fingerprint. Plaintiff is not a sex offender. When he asked for a copy of the incident report or removal of the form, Defendant Pacillas stated that it was a mistake and removed it. Plaintiff also saw other forged documents in his file and discovered other documents were missing. Defendant Banks-Graves fabricated an explanation for the missing documents knowing they were relevant to another civil case filed by Plaintiff.

---

[1] In re Olsen, 112 Cal. Rptr. 579 (Cal. Ct. App. 1974).

3

On August 1, 2013, Plaintiff received on open envelope from Wells Fargo Bank from Defendant Hirachetta. The contents of the enclosed letter, apparently related to an account in Plaintiff's name, were spread around the institution.

On August 2, 2013, Defendant Chavez walked by Plaintiff's door and muttered, "You don't want it."

On August 7, 2013, Defendant Flores served Plaintiff a legal letter dated June 16, 2013 (nearly two month delay).

On August 8, 2013, Defendant Hirachetta walked by Plaintiff's door stating, "I hate you dude."

On August 14, 2013, Defendant Hirachetta gave Plaintiff an open letter from the Kern County Superior Court. On the same date, other inmates told Plaintiff that his due process rights had been violated and asked Plaintiff what he would do when the correctional officers placed him in a step down pilot program against his will.

On July 15, 2013 and August 12, 2013, Plaintiff filed administrative complaints regarding his forced placement in the pilot step down program. His appeal was rejected by D. Goree (not a named Defendant). Plaintiff alleges various disagreements with the step down program and the prison gang validation process.

Defendants Flores and Hirachetta infringed on Plaintiff's rights to confidential correspondence and personal mail. They opened his legal mail and spread the contents around the institution.

Plaintiff seeks (1) a declaration that Defendants violated his rights, (2) an injunction requiring the California Department of Corrections and Rehabilitation to cease harassment, retaliation, and reprisals, (3) a restraining order against the step down program, (4) emergency transfer to a "non-SNY" prison, (5) expungement of Plaintiff's gang validation, (6) "discovery of confiscated artwork for comparison issued as a subpoena to plaintiff," (7) compensatory damages, and (8) to "amend" this complaint to Hubbard v. United States of America, Case No. 14-cv-905-AWI-GSA.

## IV. ANALYSIS

### A. Improper Joinder

"A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. of Civ. P. 18(a). Additionally, "[p]ersons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff's claims generally are unrelated to one another. They encompass a range of complaints: interference with Plaintiff's legal and other mail, his allegedly forced participation in the step down program, his gang validation, inaccuracies in his central file, and comments made by correctional staff. The Court's first screening order advised Plaintiff that he is not permitted to bring these unrelated claims in a single action. (ECF No. 8.) Indeed, his first amended complaint appeared to focus more narrowly on issues relating to interference with his mail. Thus, the Court will review herein only those allegations pertaining to Plaintiff's mail. If Plaintiff wishes to pursue his remaining claims, he should do so in separate actions.

///
///
///

**B.     First Amendment**

The amended complaint alleges that Defendants Flores and Hirachetta delivered mail to Plaintiff that already was opened and shared the contents of his mail with other inmates on multiple occasions. Defendant Banks-Graves allegedly refused to provide Plaintiff copies of letters from the Kern County Superior Court maintained in Plaintiff's central file.

As an initial matter, Plaintiff's allegations do not sufficiently link any of the named Defendants to interference with his mail. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The allegation that Defendants Hirachetta and Flores delivered open mail to Plaintiff is insufficient to allege they were responsible for opening the mail. Plaintiff also fails to explain why these Defendants should be held responsible for communicating the contents of his mail to other inmates. Likewise, the allegation that Defendant Banks-Graves did not provide Plaintiff copies of correspondence in his central file does not establish that Banks-Graves was responsible for withholding correspondence from Plaintiff in the first instance.

Additionally, even if linkage had been established, Plaintiff's allegations fail to state a claim. Prisoners have a First Amendment right to receive mail. Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citations omitted). The right is subject to substantial limitation, however, and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests. Id. (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Defendants may inspect Plaintiff's non-legal mail without violating Plaintiff's constitutional rights. Smith v. Boyd, 945 F.2d 1041, 1043 (9th Cir. 1991). However, prison officials may not read mail from inmates' attorneys.

Nordstrom v. Ryan, 762 F.3d 903, 909-11 (9th Cir. 2014) (reading inmate's letter to counsel states Sixth Amendment claim).

None of the mail Plaintiff alleges was tampered with constitutes legal mail. Mail from a bank clearly is not legal mail, and mail from a court is not considered legal mail under federal law. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Thus, prison officials had broad latitude to open and inspect Plaintiff's mail, so long as doing so was reasonably related to legitimate penological interests.

None of the facts alleged by Plaintiff indicate an absence of legitimate penological interests. Plaintiff previously was advised that he was required to explain exactly how his mail was tampered with, when, where, and who was responsible, what if any reasons were given, and Plaintiff's basis for believing alleged facts to be true. He has not done so. Nor has he alleged facts to demonstrate that the tampering was more than an isolated occurrence. Limited incidents of mail interference or tampering do not support a claim for violation of Plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

Plaintiff has provided insufficient facts for the Court to determine that the named Defendants tampered with his mail without a reasonable and legitimate penological interest. Plaintiff previously was advised of the pleading requirements, and his second amended complaint fails to cure the noted deficiencies. His failure to do so is reasonably construed as reflecting his inability to successfully amend. Accordingly, further leave to amend would be futile and should be denied.

**C.    Request to Consolidate**

Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors

7

Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Plaintiff moves to consolidate this action with Case No. 14-cv-905-AWI-GSA. He does not explain how the cases share common questions of law and fact or how consolidation would result in economy and convenience. Moreover, the Court finds that the cases cannot share common questions of law or fact because there is no cognizable claim in this action and Case No. 14-cv-905-AWI-GSA is closed.

Accordingly, Plaintiff's request to consolidate should be denied.

## V.    CONCLUSION AND RECOMMENDATION

Plaintiff's second amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 20, 2015            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE