UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD , <br><br> Plaintiff, <br><br> v. <br><br> CORCORAN STATE PRISON, et al., <br><br> Defendants. | CASE NO. 1:13-cv-01511-AWI-MJS (PC) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> **(ECF No. 17)** |

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action, now closed, proceeded against Defendants Lindsey, Nickell, Stanley, and Doe on Plaintiff's Eighth Amendment conditions of confinement claim.

On March 23, 2014, the Magistrate Judge assigned to the case issued findings and a recommendation to dismiss the action with prejudice for failure to state a claim. (ECF No. 14.) Plaintiff filed no objections. On April 24, 2015, the undersigned adopted the findings and recommendation (ECF No. 15), judgment was entered thereon (ECF No. 16), and the action was closed.

Before the Court are Plaintiff's May 18, 2015 objections to the findings and

recommendation. (ECF No. 17.) The objections are untimely. The Court construes them as a motion for reconsideration. (ECF No. 17.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III. DISCUSSION

### A. Appointment of Counsel

Plaintiff first objects on the ground that the Magistrate Judge failed to appoint him counsel. However, Plaintiff did not previously request counsel. Moreover, Plaintiff has no constitutional right to appointed counsel in this action. Plaintiff also did not, and indeed does not now, present exceptional circumstances that would prompt the Court to seek

volunteer counsel on his behalf. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

### B. Bias on the Part of the Magistrate Judge

Plaintiff next objects vaguely that the Magistrate Judge's "mindframe" deprived him of a hearing on his claims and subjected him to cruel and unusual punishment.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978).

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained in the course of the proceedings. Pesnell, 543 F.3d at 1043-44 (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 1044 (quoting Liteky, 510 U.S. at 555). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Focus Media, Inc. v. NBC, 378 F.3d 916, 930 (9th Cir. 2004). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell, 543 F.3d at 1044. "'[E]xpressions of impatience, dissatisfaction, annoyance, and even

3

anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555–56).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Johnson, 610 F.3d 1138, 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." Id. at 1148.

Here, Plaintiff presents no basis for questioning the impartiality of the Magistrate Judge. To the extent Plaintiff's complaint regarding the Magistrate Judge's "mindframe" is predicated upon adverse findings and recommendations, it is insufficient to show partiality. Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555). Moreover, the undersigned conducted a de novo review of the findings and recommendation and concluded they were supported by the record and by proper analysis. Thus, the Magistrate Judge's "mindframe" was not dispositive of Plaintiff's claims.

Accordingly, Plaintiff's objections to the Magistrate Judge's "mindframe" do not provide a basis for reconsideration.

### C. No Cognizable Claims

Finally, Plaintiff appears to argue that his second amended complaint contained cognizable claims. However, Plaintiff essentially reiterates the points raised in his complaint. Restating arguments that previously have been considered and rejected by the Court, without more, does not provide a basis for reconsideration. Westlands Water Dist., 134 F. Supp. at 1131; Local Rule 230(j).

*///*

*///*

*///*

4

## IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's objections (ECF No. 17), which the Court construes as a motion for reconsideration, are HEREBY DENIED.

IT IS SO ORDERED.

Dated:  August 11, 2015

SENIOR DISTRICT JUDGE